RICHARD TOZIER,

*v.*

JOHN L. MERRIAM.

In an action against Merriam for the recovery of a barn removed from plaintiff's land by Baker, and by Baker placed upon Merriam's land and "used and occupied" by Baker, who was a tenant of Merriam's land, *Held:* that a complaint stating these facts, and that Merriam refuses to deliver said barn to plaintiff or to permit plaintiff to remove the same, does not state facts sufficient to constitute a cause of action against Merriam.

The plaintiff alleges that he is the owner of certain land, on which was a barn belonging to him, and that on the 14th July, 1861, "one D. A. J. Baker, wrongfully and forcibly severed said barn from said land, and carried the same away, and located, and has ever since used and occupied the same upon the S. W. quarter of Sec. 33, &c., which last described land then was owned by one Charles Ennis, and was in the possession of said Baker as the tenant of said Ennis, and thereafter said Ennis sold and conveyed said last described land, and that part whereon said barn was and is standing, to said defendant Merriam, who purchased the same, and received the conveyance thereof with full, actual knowledge and notice of the facts above stated, and plaintiff has demanded said barn of said defendant, who refused to deliver the same to plaintiff, or to permit plaintiff to remove the same upon his own land, whereby plaintiff has suffered damage, &c., * * and asks that defendant may be adjudged to deliver to plaintiff said barn, and to pay plaintiff the sum of

$300 damages for the detention thereof." * * The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The district court for Ramsey County sustained the demurrer, and judgment was entered in favor of defendant; and the plaintiff removes the cause to this court by writ of error.

BRISBIN AND WARNER, for Plaintiff in error.

LORENZO ALLIS, for Defendant in error.

*By the Court*—BERRY, J.    Assuming (upon the theory contended for by the plaintiff in error, and most favorable to him,) that the barn in question is personal property, inasmuch as the taking is alleged to have been by Baker, it is necessary that the complaint should show an *unlawful detention* by the defendant, otherwise it does not state a cause of action against him.    It is averred that Baker has, ever since the removal thereof from the plaintiff's land "used and occupied" the barn.

If this be so, it has never been in the defendant's (Merriam's) possession, and although he is the owner of the land upon which the barn has been placed, there is nothing to show that he exercises or can exercise any control over it.

Neither his refusal to deliver, nor his refusal to permit the plaintiff to remove that of which he, the defendant, has neither possession nor control, can amount to an unlawful detention.    Judgment affirmed.